U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL -6 2012
CLERK, U.S. DISTRICT COURT
By _____
           Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DEBRA L. WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-781-A |
| | § | |
| TARGET CORPORATION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion for summary judgment filed in the above action by defendant, Target Corporation. Plaintiff, Debra L. Wilson, filed a response, and defendant filed a reply. Having now considered all of the parties' filings, the entire summary judgment record, and applicable legal authorities, the court concludes that the motion should be granted.

I.

Plaintiff's Claims

Plaintiff initiated this removed action by the filing on August 30, 2011, of her original petition in the District Court of Tarrant County, Texas, 236th Judicial District. Plaintiff claimed that on or about September 3, 2009, she was walking in one of defendant's stores when she "suddenly and unexpectedly slipped and fell when she encountered water on the floor."

Notice of Removal, Ex. a, Pl.'s Orig. Pet. and Request for Disclosure ("Pet.") at 2. Plaintiff alleged a cause of action against defendant for negligence--premises liability.

II.

## The Motion for Summary Judgment

Defendant argued for summary judgment on the grounds that there is no genuine issue of material fact as to whether defendant had actual or constructive knowledge of any hazard on its premises.

III.

## Undisputed Facts

The following facts are undisputed in the summary judgment record:

On or about September 3, 2009, plaintiff was shopping in defendant's store in Grand Prairie, Texas. Although the purpose of plaintiff's visit to the store was to purchase a cover for her cell phone, she first stopped to look in other areas of the store. At some point plaintiff asked one of defendant's employees for directions to the store's electronics department. The employee, who was working at the end of one of the store aisles, directed plaintiff to go down a certain aisle and turn left. Plaintiff turned away from the employee and began walking

down the aisle. After approximately four steps, she slipped in water and fell.

Plaintiff does not know how or when the water got on the floor of the store, or how long it had been there when she slipped. Plaintiff did not see the water either before or immediately after falling. Plaintiff discovered the floor was wet when she realized her pants were wet.

IV.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. <u>Id.</u> at 324. <u>See also</u> Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 597 (1986).

V.

Analysis

Plaintiff has alleged a claim of negligence--premises liability. Premises liability is a "special form of negligence where the duty owed to the plaintiff depends upon the status of the plaintiff at the time the incident occurred." <u>Western Invs., Inc. v. Urena</u>, 162 S.W.3d 547, 550 (Tex. 2005).

The parties apparently agree that plaintiff was defendant's invitee, described as "one who enters on another's land with the owner's knowledge and for the mutual benefit of both." <u>Rosas v. Buddies Food Store</u>, 518 S.W.2d 534, 537 (Tex. 1975). The owner

or occupier of premises is not an insurer of its invitee's safety; rather, the owner/occupier owes an invitee the duty to exercise reasonable care to protect against dangerous conditions on the premises that are known or reasonably discoverable to it. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998).

To prevail on a claim of premises liability requires plaintiff to show that: (1) defendant had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) defendant failed to exercise reasonable care to reduce or eliminate the risk; and (4) defendant's failure to use such care proximately caused the plaintiff's injuries. Gonzalez, 968 S.W.2d at 936 (internal citations omitted); Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 296 (Tex. 1983).

Defendant argues that plaintiff's premises liability claim fails because she cannot establish an essential element of her claim: that defendant had actual or constructive knowledge of any allegedly hazardous condition. A slip-and-fall plaintiff can satisfy the notice or knowledge element by establishing that "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long

enough to give the premises owner a reasonable opportunity to discover it." <u>Wal-Mart Stores, Inc. v. Reece</u>, 81 S.W.3d 812, 814 (Tex. 2002). Even if the owner or occupier of the premises created a hazardous condition, the plaintiff must still prove that the owner or occupier "knew or should have known of the condition." <u>Keetch v. Kroger Co.</u>, 845 S.W.2d 262, 265 (Tex. 1992). Proof of how long the condition existed is required to impose liability on the premises owner for failing to discover and correct the condition. <u>Reece</u>, 81 S.W.3d at 816.

Defendant contends that plaintiff has adduced no evidence that defendant had actual or constructive knowledge of the allegedly hazardous condition. The court agrees. Plaintiff's deposition testimony demonstrates her complete lack of knowledge or evidence about how long the water was on the floor prior to the time she slipped and fell, how the water got on the floor, whether any of defendant's employees saw the water or saw her fall, whether the water was on the floor at the time any of defendant's employees walked down the aisle, or any idea as to the origin of the water. In short, plaintiff has adduced no summary judgment evidence to show that defendant had either actual or constructive knowledge of how the water got on the floor.

Plaintiff contends that her testimony created a genuine issue of material fact as to defendant's knowledge of the condition because of the proximity of one of its employees to the place where she fell and the size of the spill. Plaintiff relies on language from Texas Supreme Court decisions holding that the question of constructive notice--that is, whether a premises owner had a reasonable opportunity to discover a hazardous condition--"requires analyzing the combination of proximity, conspicuity, and longevity." Wal-Mart Stores, Inc. v. Spates, 186 S.W.3d 566, 567 (Tex. 2006) (per curiam) (citing Reece, 81 S.W.3d at 816). According to plaintiff, both proximity and conspicuity are present here: defendant's employee was approximately four steps from the area where plaintiff fell, and the hazard that caused her fall stretched the length of the store aisle. These facts, plaintiff contends, are sufficient to create a genuine issue of material fact as to defendant's actual or constructive knowledge.

Missing from plaintiff's argument, however, is any discussion of the lynchpin of a constructive notice analysis: temporal evidence. As the Texas Supreme Court explained:

> The so-called "time-notice rule" is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition. . . . An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was

7

>possible for the premises owner to discover the
>condition, not that the premises owner reasonably
>should have discovered it. Constructive notice demands
>a more extensive inquiry. Without some temporal
>evidence, there is no basis upon which the factfinder
>can reasonably assess the opportunity the premises
>owner had to discover the dangerous condition.

Reece, 81 S.W.3d at 816 (internal citation omitted). The court further explained that a reasonable time for discovery could vary depending on the facts of the case: the more conspicuous a hazard, the less time the plaintiff must show the employee was in proximity. Id.

Here, plaintiff contends the water that caused her fall was conspicuous because it stretched the length of the aisle.[1] However, plaintiff also testified that it was difficult to see the water because of the store's light-colored floors, and she admitted that she did not see the water either before or immediately after she fell. Plaintiff only discovered the water when she realized her clothing was wet. Even accepting plaintiff's evidence of conspicuity, however, "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." Id. Plaintiff's unequivocal testimony was that she did not know how long the

---

[1] Plaintiff did not contend she saw the water down the length of the aisle; rather, she assumed such was the case when she saw defendant's employee begin to clean the water starting at the opposite end of the aisle from where she fell.

8

water was on the floor prior to her fall. She has adduced no summary judgment evidence to the contrary.

Plaintiff also argues that her testimony as to the lack of other employees or customers in the vicinity of the hazard is evidence of the length of time the water was on the floor. The Texas Supreme Court rejected a very similar argument as "pure speculation." Spates, 186 S.W.3d at 568. The court reaches the same conclusion here.

Because defendant has carried its initial burden to show the absence of evidence to support an essential element of plaintiff's claims, plaintiff's obligation at this point is to direct the court to summary judgment evidence that raises a genuine issue of material fact on that point. Celotex, 477 U.S. at 322-5. The sum of plaintiff's testimony is that she has no evidence that defendant had actual or constructive knowledge of the unsafe condition that allegedly caused her to fall. Accordingly, summary judgment is warranted on plaintiff's premises liability claim.[2]

---

[2] Much of plaintiff's response is devoted to seeking a continuation of time to respond to the summary judgment motion. As explained in the court's previous orders denying plaintiff's requests for a continuance, the court entered its scheduling order in this case on January 4, 2012. Plaintiff knew then the time frame within which she had to prosecute her case. Plaintiff contends now the additional time is needed to depose two individuals named in defendant's disclosures. According to plaintiff the depositions were scheduled for June 21, 2012. Presumably the depositions have now occurred. Had plaintiff uncovered facts pertinent to her claims, the court assumes plaintiff would have brought such information to the court's attention. Plaintiff has failed to do so.

VI.

Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that all claims and causes of action brought by plaintiff, Debra L. Wilson, against defendant, Target Corporation, be, and are hereby, dismissed with prejudice.

SIGNED July 6, 2012.

---
JOHN McBRYDE
United States District Judge